**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| TONI JACKSON,<br>Plaintiff(s)<br>v.<br><br>NOVO NORDISK INC. and<br>NOVO NORDISK A/S,<br>Defendant(s). | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: 24-md-3094 |

## SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

## IDENTIFICATION OF PARTIES

**Plaintiff(s)**

1. Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): Toni Turness Jackson ____________________.

2. If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: N/A ____________________, as ____________________ of the estate of ____________________, deceased.

3. If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): N/A ____________________.

4. If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: N/A ____________________.

**Defendant(s)**

5. Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

__X__ Novo Nordisk Inc.

__X__ Novo Nordisk A/S

______Eli Lilly and Company

______Lilly USA, LLC

______other(s) (identify): ____________________

## JURISDICTION AND VENUE

6. City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

Dayton, Ohio

7. State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

Ohio

8. State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

Ohio

9. City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

Dayton, Ohio

10. Jurisdiction is based on:

__X__ diversity of citizenship pursuant to 28 U.S.C. § 1332

______ other (plead in sufficient detail as required by applicable rules):

______________________________

______________________________

11. The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

United States District Court for the Southern District of Ohio Western Division at Dayton

12. Venue is proper in the District Court identified in Paragraph 11 because:

__X__ a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there

______ other (plead in sufficient detail as required by applicable rules):

______________________________________________________________

______________________________________________________________

13. If applicable, identify the citizenship of any additional Defendant(s) named above: N/A

**PRODUCT USE**

14. Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

__X__ Ozempic (semaglutide)

_____ Wegovy (semaglutide)

__X__ Rybelsus (oral semaglutide)

_____ Victoza (liraglutide)

_____ Saxenda (liraglutide)

_____ Trulicity (dulaglutide)

_____ Mounjaro (tirzepatide)

_____ Zepbound (tirzepatide)

_____ Other(s) (specify): ______________________________

15. To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

Rybelsus (May - November 2022)

Ozempic (November 2022-November 2024)

______________________________________________________________

______________________________________________________________

## INJURIES AND DAMAGES

16. To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s), Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

__X__ Gastroparesis

______Other gastro-intestinal injuries (specify) ________________________

______Ileus

______Ischemic Bowel/Ischemic Colitis

______Intestinal Obstruction

______Necrotizing Pancreatitis

______Gallbladder Injury (specify) ________________________

______Micronutrient Deficiency

______Wernicke's encephalopathy

______Aspiration

______Death

__X__Additional/Other(s) (specify): Nausea, Vomiting, Constipation, Severe Abdominal Pain.

17. Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

Plaintiff's injuries began in November 2024.________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

18. In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

__X__ Injury to self

______Injury to person represented

__X__ Economic loss

______Wrongful death

______Survivorship

______Loss of services

______Loss of consortium

______other(s) (specify): ______________________________________________

**CAUSES OF ACTION**

19. In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

______ Count I: Failure to Warn – Negligence

__X__ Count II: Failure to Warn – Strict Liability

__X__ Count III: Breach of Express Warranty/Failure to Conform to Representations

__X__ Count IV: Breach of Implied Warranty

__X__ Count V: Fraudulent Concealment/Fraud by Omission

__X__ Count VI: Fraudulent/Intentional Misrepresentation

______ Count VII: Negligent Misrepresentation/Marketing

__X_ Count VIII: Strict Product Liability Misrepresentation/Marketing

______ Count IX: Innocent Misrepresentation/Marketing

X Count X: Unfair Trade Practices/Consumer Protection (see below)

______ Count XI: Negligence

______ Count XII: Negligent Undertaking

X Count XIII: State Product Liability Act (see below)

______ Count XIV: Wrongful Death

______ Count XV: Loss of Consortium

______ Count XVI: Survival Action

______ Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

---

20. If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims: Ohio Consumer Sales Practices Act, Ohio Revised Code §§ 1345.01 to 1345.99; Uniform Commercial Code, UCC 2-313 through 2-314, et seq, Breach of Warranty pursuant to Ohio Revised Codes §1302.26 through §1302.27, et seq

b. Identify the factual allegations supporting those claims (by subsection, if applicable): Defendants engaged in unfair, deceptive, or unconscionable acts or practices in connection with the marketing and sale of Ozempic in violation of the Ohio CSPA and the UCC. Ozempic was marketed with deceptive representations about its safety profile while concealing known risks of severe gastrointestinal injuries. Defendants had prior knowledge of the dangerous side effects but failed to disclose this information to consumers and healthcare

providers. Defendants failed to remedy the defects or provide adequate warnings regarding the risks.

**** Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33***

21. If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims: Ohio Products Liability Act, Ohio Revised Code §§ 2307.71 through 2307.80

b. Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim: Failure to warn (Ohio Rev. Code § 2307.76); Design defect (Ohio Rev. Code § 2307.75); Breach of express warranty (Ohio Rev. Code § 1302.26); Breach of implied warranty of merchantability (Ohio Rev. Code § 1302.27); Manufacturing or Construction Defect (Ohio Rev. Code 2307.74).

c. Identify the factual allegations supporting those claims: Ozempic was defective due to inadequate warning or instruction, defective manufacturing, defective design, and failure to warn, because Defendants knew or should have known about the risk of severe gastrointestinal and other complications. Defendants failed to provide adequate warnings regarding the risk of these complications. Defendants expressly warranted that Ozempic was safe and fit for its ordinary purpose, but breached these warranties as Ozempic was defective and created unreasonable risks of severe gastrointestinal and other complications.

**** Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims***

***with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.***

22. If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)? **N/A**____. If so, attach such notice.

**RELIEF**

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

**JURY DEMAND**

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date: 8/19/2026

By: /s/ Jami S. Oliver
Jami S. Oliver (0061738)
Oliver Law Office
7240 Muirfield Drive, Suite 120
Dublin, OH 43017
Telephone: (614) 220-9100
Facsimile: (866) 318-4580
joliver@oliverattorneys.com
*Attorney for Plaintiff Jackson*